UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                          Case No. 8:11-CR-494-T-27TGW

HENRY TRUJILLO PEDROMO

_____/

## ORDER

Before the Court is Defendant's *pro se* Motion Seeking Order Directing the Bureau of Prisons to Recalculate Good Conduct Time Credits Pursuant to First Step Act (Dkt. 236).[1] His motion is DENIED. Previously, this court determined that "[t]he calculation of good conduct time credit is the province of the United States Bureau of Prisons." (Dkt. 241); *see* 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20(a). On reconsideration, that determination was reiterated:

> As previously noted, the calculation of good conduct time credit is the province of the United States Bureau of Prisons. 18 U.S.C. § 3624(b). Defendant takes no issue with this, but challenges the BOP's interpretation of the First Step Act. He cites no intervening change in the law or authority warranting reconsideration. And to the extent he challenges the BOP's calculation of good time, he must exhaust the BOP's administrative remedies. *See Keys v. U.S. Dep't of Justice*, 136 F. App'x 313, 314 (11th Cir. 2005) (district court lacks jurisdiction to consider challenge to calculation of good time when administrative remedies not exhausted). (Dkt. 244).

Section 102(b) of the First Step Act directed the Bureau of Prisons to calculate credit in accordance with amendments to 18 U.S.C. § 3624. FIRST STEP ACT OF 2018, PL 115-391,

---

[1] The Federal Defender was appointed (Dkt. 237) but has not appeared.

1

December 21, 2018, 132 Stat 5194.[2] The Act provided an effective date, however, dependent on action by the Attorney General;

> (2) EFFECTIVE DATE.—The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act.

Even if the effective date of Section 102(b) has occurred, the principles stated above concerning the calculation of good conduct time preclude judicial relief, unless and until Defendant has exhausted available remedies in the Bureau of Prisons. Nothing in the First Step Act changes these principles or authorizes the court to intrude into the Bureau of Prisons' authority in this regard. Accordingly, his motion is DENIED.

**DONE AND ORDERED** this 14th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record, Defendant

---

[2] Previously, this court determined that relief under the First Step Act does not impact good conduct time credit, as Defendant argued. (Dkt. 241). It appears, however, that the First Step Act may indeed have impacted the calculation of good time credit. That is of no moment, however, as discussed above.